

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-5-2009

# Paul McGovern v. City of Philadelphia

Precedential or Non-Precedential: Precedential

Docket No. 08-1632

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Paul McGovern v. City of Philadelphia" (2009). *2009 Decisions.* Paper 1807.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1807

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 08-1632

———

PAUL MCGOVERN,

Appellant,

v.

CITY OF PHILADELPHIA,

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No.: 07-cv-03817)
District Judge: Honorable Paul S. Diamond

———

Submitted Under Third Circuit LAR 34.1(a)
January 8, 2009

Before: CHAGARES and HARDIMAN, *Circuit Judges* and ELLIS,[*] *District Judge*

———

**ORDER AMENDED OPINION**

———

IT IS HEREBY ORDERED that the opinion in the above case, filed January 27, 2009, be amended as follows:

---

[*]The Honorable Thomas Selby Ellis, III, Senior District Judge for the United States District Court for the Eastern District of Virginia, sitting by designation.

Page 4, which read:

## II.

The District Court had jurisdiction over McGovern's civil rights claim under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). Appellate jurisdiction exists pursuant to 28 U.S.C. § 1291 and we exercise plenary review over the District Court's order granting the City's Rule 12(b)(6) motion. *Edgar v. Avaya, Inc.*, 503 F.3d 340, 344 (3d Cir. 2007). We accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in McGovern's favor. *Miller v. Fortis*, 475 F.3d 516, 519 (3d Cir. 2007). The District Court's judgment is proper only if it is clear that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 456 (3d Cir. 2006) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

shall read:

## II.

The District Court had jurisdiction over McGovern's civil rights claim under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). Appellate jurisdiction exists pursuant to 28 U.S.C. § 1291 and we exercise plenary review over the District Court's order granting the City's Rule 12(b)(6) motion. *Edgar v. Avaya, Inc.*, 503 F.3d 340, 344 (3d Cir. 2007). We accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in McGovern's favor. *Miller v. Fortis*, 475 F.3d 516, 519 (3d Cir. 2007). The District Court's judgment is proper only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint. *See Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).


BY THE COURT:


/s/ Thomas M. Hardiman
*Circuit Judge*